**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**CASEY R. BOCK, No. 05665-025,**

**Petitioner,**

**vs.**                                                        **NO. 13-cv-739-DRH**

**JAMES N. CROSS,**

**Respondent.**

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, Chief Judge:**

This case is before the Court on petitioner's writ of habeas corpus, filed on July 24, 2013. Petitioner, an inmate in the Federal Correctional Institution in Greenville, brings this habeas corpus action pursuant to 28 U.S.C. §2241 to challenge the enhanced sentence imposed after his 2001 conviction in this District (*United States v. Bock*, Case No. 01-cr-30081-DRH). Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). He was sentenced to 188 months in prison on January 18, 2002, as an armed career criminal pursuant to 18 U.S.C. §924(e)(1), because he had three prior qualifying felony convictions. His conviction was affirmed on appeal on November 14, 2002.

Petitioner never filed a challenge to his conviction under 28 U.S.C. § 2255. However, on June 13, 2005, he filed a motion to modify sentence (Doc. 24 in criminal case), arguing that a reduction in the sentencing guidelines contained in Amendments 674 and 591 to the Application Notes of the United States

Sentencing Guidelines should be applied to him.  This Court denied the motion (Doc. 25 in criminal case), as well as petitioner's motions for reconsideration of that order.

In the instant case, petitioner raises for the first time the argument that he should not have been sentenced as an armed career criminal because in 1991 or 1992, the State of Illinois had restored his civil rights on the burglary convictions that were used as predicate felonies for the sentence enhancement (Doc. 1, pp. 7, 9).  He relies on *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009), and *United States v. Burnett*, 641 F.3d 894 (7th Cir. 2011), for the proposition that his prior felonies should not count, because the "restoration of civil rights" letter he purportedly received from the State when he completed his parole term failed to inform him that he continued to be prohibited from possessing or using a firearm.  Petitioner does not provide a copy of the letter, nor does he indicate that he possesses it.  Instead, he attaches an affidavit stating that "sometime in 1991 or 1992 [he] received a document  . . . at the completion of [his] parole, stating that [his] civil rights were restored." (Doc. 1, p. 9).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully

reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).

The Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Id.* (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)). As noted above, petitioner never filed a motion

pursuant to § 2255. However, he could have done so, and could thereby have raised the argument that prior convictions on which his civil rights had been restored should not have been used to enhance his sentence. Moreover, petitioner does not claim that he is innocent of the predicate state burglary convictions, nor that he is innocent of the federal offense of being a felon in possession of a firearm, to which he entered a guilty plea. He argues instead that he is "actually innocent" of the armed career criminal sentencing enhancement, due to the alleged flaw in Illinois' notice restoring his civil rights.

Petitioner's reliance on *Buchmeier*, a 2009 case, does not advance his claim. *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009). *Buchmeier* was by no means the first reported case to present the argument that a prior conviction should not be used for an armed career criminal sentence enhancement where the prisoner's civil rights had been restored. *See*, *e.g.*, *Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001) (prisoner obtained reversal of sentence based on restoration of civil rights on a prior conviction, but could not bring successive § 2255 motion raising alternative challenge to his sentencing enhancement where that challenge could have been raised in earlier proceeding). As this Court recently observed, *Buchmeier* did not change the law, nor was its holding novel. *See Gillaum v. Cross*, No. 11-cv-482-DRH, 2013 WL 1728400, at *3 (S.D. Ill. April 22, 2013). *Buchmeier* is merely one of "a long line of cases stretching back to 1990, when the Seventh Circuit decided *United States v. Erwin*, 902 F.2d 510 (7th Cir. 1990). In *Buchmeier*, the court noted that

although the discussion of § 921(a)(20) in *Erwin* may have been dictum, that approach became the holding in a 1994 case [*United States v. Glaser*, 14 F.3d 1213 (7th Cir. 1994)] and has been followed in this circuit since." *Alicea v. Rios*, 2012 U.S. Dist. LEXIS 166008, at *7 (C.D. Ill. Nov. 21, 2012) (citing *Buchmeier*, 581 F.3d at 565).

A § 2255 proceeding will be considered inadequate only if prior binding precedent had foreclosed petitioner from bringing the argument in a § 2255 motion. *Hill v. Werlinger*, 695 F.3d 644, 648-49 (7th Cir. 2012) (citing *Morales v. Bezy*, 499 F.3d 668 (7th Cir. 2007). That is not the case here. Petitioner's argument herein was not foreclosed before the Seventh Circuit issued the *Buchmeier* opinion. Therefore, petitioner cannot use § 2241 as a vehicle for bringing his civil rights restoration claim.

### **Disposition**

To summarize, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, petitioner cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If

petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $455.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Signed this 13th day of August, 2013.

Digitally signed by David R. Herndon
Date: 2013.08.13 16:30:43 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**